**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. _____** |
| | § | |
| C & W PACKAGING, LP d/b/a C & W | § | |
| WAREHOUSE, INC. and C & W | § | |
| PACKAGING GP, INC., | § | |
| | § | |
| Defendants. | § | |

**UNION PACIFIC RAILROAD COMPANY'S ORIGINAL COMPLAINT**

Plaintiff Union Pacific Railroad Company ("Union Pacific"), for its causes of action

against Defendants C & W Packaging, LP d/b/a C & W Warehouse, Inc. and C & W Packaging

GP, Inc. (collectively, "Defendants" or "C & W"), states and alleges as follows:

**PARTIES**

1.      Union Pacific is a Delaware corporation with its principal place of business located

at 1400 Douglas Street, Omaha, Nebraska 68179.

2.      Defendant C & W Packaging, LP is a Texas limited partnership doing business as

C & W Warehouse, Inc. with its principal place of business located at 4343 Eastpark Drive,

Houston, Texas 77028.  This Defendant may be served by delivering process to its registered agent:

Wen Lung Wu, 4343 Eastpark Drive, Houston, Texas 77028.

3.      Defendant C & W Packaging GP, Inc. is a Texas corporation with its principle place

of business located at 4343 Eastpark Drive, Houston, Texas 77028.  This Defendant may be served

by delivering process to its registered agent: Wen Lung Wu, 4343 Eastpark Drive, Houston, Texas

77028.

**JURISDICTION AND VENUE**

4.      This Court obtains jurisdiction in this matter pursuant to 28 U.S.C. § 1337(a) as Union Pacific's claims to recover demurrage charges arise under 49 U.S.C. § 10702 and 49 U.S.C. § 10746. This Court also has jurisdiction over this matter pursuant to 28 U.S.C § 1332(a) as there is complete diversity and the matter in controversy exceeds the value of $75,000.00, exclusive of interests and cost.

5.      Venue of this action is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) as Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.  Divisional venue is appropriate per the local rules as Defendants reside in and a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

**UNDERLYING FACTS**

6.      At all times material to this action, Union Pacific was a common carrier engaged in interstate commerce subject to the jurisdiction of the Surface Transportation Board ("STB").

7.      As a rail carrier, Union Pacific is required to calculate and charge demurrage in accordance with 49 U.S.C. § 10746 and 49 C.F.R. § 1333, *et seq.*

8.      The subject matter of this action stems from charges assessed by Union Pacific under its published tariff for demurrage charges for railcars received by Defendants for unloading at their facility in Houston, Texas.

9.      The specific tariff governing the demurrage charges sought in this action is found in Tariff UP 6004 ("UP Tariff") for the various dates for when the charges accrued.  The UP Tariff is also published and may be found on Union Pacific's website at https://www.up.com/customers/all/terms/index.htm.

10.     The claims asserted by Union Pacific in this Complaint are made pursuant to the decision in STB Docket EP 707, served on April 11, 2014, and effective July 15, 2014  ("Order"), and promulgated under the regulations at 49 C.F.R. § 1333 *et seq.*  A copy of the Order is attached hereto as **Exhibit A**.

11.     Prior to the accrual of any of the charges which are the subject of this lawsuit, Union Pacific served Defendants with proper notice of the applicable UP Tariff in compliance with 49 C.F.R. § 1333.3. A copy of the notice sent to all customers, including C & W, is attached as **Exhibit B**.

**DEMURRAGE CHARGES**

12.     Union Pacific incorporates Paragraphs 1 through 11 as if repeated here.

13.     Between April 2018 and August 2020, Union Pacific transported railcars to Defendants' facility for the purpose of unloading the railcars.

14.     All of the railcars so placed at the facility were placed for unloading by Defendants pursuant to 49 C.F.R. § 1333.3.

15.     Defendants receive notice from Union Pacific when railcars arrive at Union Pacific's nearby yard or another designated location ("Serving Area"), and the timeline for assessing demurrage charges on a railcar begins to run upon said arrival and notice.

16.     Demurrage will continue to accrue until Defendants release railcars from their designated track(s) to create capacity for more cars to be placed.

17.     At all times from April 2018 through August 2020, the railcars which are the subject of this lawsuit were under the control of Defendants because they had a responsibility at their facility to manage their capacity by releasing railcars in a timely manner in order to receive more railcars and/or to manage the volume of railcars arriving in the Serving Area.

18.     Pursuant to 49 U.S.C. § 10746, Union Pacific computes demurrage charges, establishes rules related to those charges, and enforces those rules in accordance with the Order (copy attached as **Exhibit A**) and Demurrage Liability, 49 C.F.R. § 1333 *et seq.*

19.     Under the guidelines promulgated by the STB, demurrage is defined as "a charge that both compensates rail carriers for the expenses incurred when rail cars are detained beyond a specified period of time (*i.e.*, free time) for loading or unloading, and serves as a penalty for undue car detention to encourage the efficient use of rail cars in the rail network."  49 C.F.R. § 1333.1. *See also* **Exhibit A**.

20.     Union Pacific applied credits and/or adjustments to the demurrage charges that accrued between April 2018 and August 2020, and the Defendants caused the railcar delays that resulted in the remaining demurrage charges at issue in this litigation.  C & W was the party that received railcars for unloading and caused the cars to be detained in the Serving Area or at the facility beyond the period for free time as set forth in the UP Tariff and, as such, shall be held liable for the remaining demurrage charges since Union Pacific delivered actual notice to C & W of the UP Tariff (**Exhibit B**).

21.     Union Pacific is entitled to recover the cost of demurrage charges from Defendants pursuant to 49 U.S.C. § 10702 and § 10746 and regulations under 49 C.F.R. § 1333 *et seq.*

22.     The invoices identified in **Exhibit C** were delivered by Union Pacific to C & W to the location where the invoices have routinely been delivered, disputed, and/or paid; however, after applicable credits and/or adjustments were applied to the invoices, Defendants have failed or refused to pay Union Pacific's invoices that are due and owing as shown in **Exhibit C**.

23.     The outstanding invoices after the application of all credits and/or adjustments total **$374,730.00**, which is currently due and owing.

24.     As a result of the failure or refusal by Defendants to make payment of such charges referred to on **Exhibit C**, Union Pacific has suffered damages.

**WHEREFORE**, Union Pacific prays that judgment be entered in favor of Union Pacific and against Defendants in the amount of **$374,730.00**, plus interest and costs of suit and any additional demurrage charges that accrue at the Defendants' facility after March 31, 2021; and, all other relief to which Union Pacific shows itself entitled.

DATED: March 31, 2021.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:     */s/ Marcy Lynn Rothman*
         **Marcy Lynn Rothman**
         Attorney-in-Charge
         Texas Bar No. 17318500
         E-Mail: mrothman@krcl.com
         5051 Westheimer Road, 10th Floor
         Houston, Texas 77056
         Telephone:     (713) 425-7444
         Facsimile:     (713) 425-7700

         **Jerrad D. Bloome**
         Texas Bar No. 24001755
         E-Mail: jbloome@krcl.com
         5051 Westheimer Road, 10th Floor
         Houston, Texas 77056
         Telephone:     (713) 425-7444
         Facsimile:     (713) 425-7700

         **ATTORNEYS FOR UNION PACIFIC RAILROAD COMPANY**

8364162 v2 (75000.00178.000)